1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  DOUG BRIGGS, individually and as Personal
   Representative of THE ESTATE OF BARBARA
10  DREYFUSS,                                          NO.

11                          Plaintiff,               **DEFENDANTS' NOTICE OF
                                                     REMOVAL**
12       v.

13  LIFE CARE CENTERS OF AMERICA, INC., a
    foreign corporation; LAKE VUE OPERATIONS,
14  LLC, a foreign limited liability company; TODD
    FLETCHER, individually; and ELLIE BASHAM,
15  individually,

16                          Defendants.

17

18       Pursuant to 28 U.S.C. § 1332 and the Public Readiness and Emergency Preparedness

19  Act (PREP Act), 42 U.S.C. § 247d-6d, Defendants Life Care Centers of America, Inc. and Lake

20  Vue Operations, LLC[1] (collectively "Life Care") hereby remove this action from the Superior

21  Court of the State of Washington in and for King County to the United States District Court for

22  the Western District of Washington, being the federal district embracing the place where the

23  case is pending.  In support of this Notice of Removal, Life Care states the following:

24                      **I.    TIMELINESS OF THE REMOVAL**

25       1.       This action was filed on April 7, 2021 by Plaintiff Doug Briggs as Personal

26  _____
    [1] Mr. Fletcher and Ms. Basham have not yet been served.

DEFENDANTS' NOTICE OF REMOVAL - 1


Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4835-5462-9613.1

Representative for The Estate of Barbara Dreyfuss in the Superior Court of the State of Washington in and for King County.  On May 7, 2021, Plaintiff served the Complaint for Damages (hereinafter the "Complaint"), along with a Summons and Order Setting Civil Case Schedule, on Life Care's resident agent, CSC, who forwarded these documents to Life Care.  A copy of the Complaint is being filed contemporaneously with this Notice.  A copy of CSC's Notices of Service of Process are attached hereto as Exhibit A and, consistent with LCR 101, Life Care shall file copies of all additional records and proceedings in the state court, along with its counsel's verification, within fourteen days of filing this Notice.

2. This Notice is timely because it was filed within thirty days of service of process on Life Care. 28 U.S.C. § 1446(b); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("[E]ach defendant is entitled to thirty days to exercise his removal rights after being served.").

3. Written notice of the filing of this Notice of Removal and the removal of the state court action is being served on Plaintiff through his counsel of record.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly filed with the Clerk of Superior Court of the State of Washington in and for King County.

## II.    THE PARTIES

4. Plaintiff Doug Briggs is a citizen of the State of Washington. Compl. ¶ 1.1. Barbara Dreyfuss is deceased and therefore has no citizenship.

5. Life Care Centers of America, Inc. ("LCCA") is a Tennessee corporation with its principal place of business in Cleveland, Tennessee.  LCCA is therefore a citizen of the State of Tennessee.  28 U.S.C. § 1332(c).

6. Lake Vue Operations, LLC ("LVO") is a Tennessee limited liability company with its principle place of business in Cleveland, Tennessee. LVO's Members are Forrest Preston, an individual who resides in Tennessee; Todd Fletcher, an individual who resides in Tennessee; and Developers Investment Company, Inc., a Tennessee corporation with its principal place of business in Cleveland, Tennessee. Because each member of LVO is a citizen

DEFENDANTS' NOTICE OF REMOVAL - 2

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

of Tennessee, LVO is a citizen of the State of Tennessee. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)( "[A]n LLC is a citizen of every state of which its owners/members are citizens.").

7.   Ellie Basham was the Executive Director of Life Care of Kirkland, a skilled nursing facility located in Kirkland, Washington. Ms. Basham resides in Lawrenceville, Georgia.

8.   Todd Fletcher is the President of Life Care Centers of America, Inc. Mr. Fletcher resides in Cleveland, Tennessee.

9.   Complete diversity exists between the parties.

### III.   NATURE OF THE ACTION

10.   Barbara Dreyfuss is a former nursing home resident of Life Care Center of Kirkland ("LCCK"), a licensed skilled nursing facility. According to the Complaint, Ms. Dreyfuss was exposed to the coronavirus while a resident of LCCK, causing her to contract COVID-19 and allegedly resulting in her injuries and damages.

11.   Upon information and belief, Ms. Dreyfuss died on or about March 1, 2020.

12.   Plaintiff alleges that Ms. Dreyfuss's exposure to the coronavirus and contraction of COVID-19 are due to the wrongful acts and omissions of Defendants.

### IV.   BASIS FOR FEDERAL JURISDICTION

**A. Diversity Jurisdiction**

13.   This action is removable to this Court because federal diversity jurisdiction exists over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a).

14.   Complete diversity of citizenship exists within the meaning of U.S.C. § 1332(a), and the amount in controversy with respect to Plaintiff's claims exceeds $75,000, exclusive of interest and costs.

<u>Amount in Controversy</u>

15.   In the Complaint, Plaintiff does not state a specific amount of damages.

DEFENDANTS' NOTICE OF REMOVAL - 3



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

1   Pursuant to LCR 101(a), however, Life Care has a good faith basis to believe that the amount

2   of damages Plaintiff seeks is well in excess of this Court's jurisdictional minimum.

3        16.    The amount-in-controversy requirement includes all potentially recoverable

4   damages in dispute, as well as attorney's fees. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980

5   (9th Cir. 2005) (finding district court did not abuse its discretion in concluding plaintiff's claim

6   exceeded the amount in controversy where plaintiff claimed compensatory damages of

7   approximately $56,000, and "emotional distress damages would add at least an additional

8   $25,000 to her claim"); *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1988)

9   (attorney's fees are included in the amount in controversy calculation where allowed by statute).

10        17.    Plaintiff asserts claims for violation of the Abuse of Vulnerable Adults Act (the

11   "Act"), negligence, fraud, fraudulent concealment and negligent misrepresentation, wrongful

12   death, damages under the survival statute (RCW 4.20.060), and violation of Washington's

13   Consumer Protection Act ("CPA"). Both the Act and the CPA contain provisions for an award

14   of Plaintiff's attorneys' fees if certain elements are proven.  Plaintiff also asserts a claim for

15   punitive damages under Tennessee law. Compl. pp. 9-12.

16        18.    The Complaint demands an award of "general damages and special damages…,

17   attorneys' fees…, [and] Punitive Damages."  Compl. ¶ XI.  Accordingly, even without

18   evaluating all forms of relief sought in the Complaint (e.g., attorneys' fees), the amount in

19   controversy with respect to Plaintiff's claims exceeds $75,000, exclusive of interest and costs.

20   <u>Complete Diversity of Citizenship</u>

21        19.    As set forth above, because Plaintiff is a citizen of Washington, Life Care

22   Centers of America, Inc. and Lake Vue Operations, LLC are citizens of Tennessee, Mr. Fletcher

23   is a citizen of Tennessee, and Ms. Basham is a citizen of Georgia, there is complete diversity

24   of citizenship between the parties.

25   **B. Federal Question Jurisdiction – PREP Act**

26        20.    This case is removable under 28 U.S.C. § 1441(a) on the basis of "original

DEFENDANTS' NOTICE OF REMOVAL - 4



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

jurisdiction" because Plaintiff's Complaint asserts a claim "arising under" federal law within the meaning of § 1331.

21.     According to Plaintiff, due to the wrongful acts and omissions of Defendants, Ms. Dreyfuss became infected with COVID-19 during her residency at LCCK and suffered injuries and damages as a result.

22.     Plaintiff alleges that Defendants failed to take timely, proper and effective actions to eliminate and/or minimize the risk of Ms. Dreyfuss's exposure to COVID-19; failed to provide timely and appropriate medical attention to Ms. Dreyfuss; and failed to initiate and implement effective infection control protocols.[2]

23.     These claims by their very nature involve the "prioritization [and] purposeful allocation of [ ] Covered Countermeasure[s]," especially in this case where such countermeasures were implemented and deployed pursuant to the directive of public health officials. Plaintiff's allegations pertaining to alleged failures to implement an effective infection control program to prevent COVID-19 also relates to covered countermeasures since covered countermeasures are the centerpiece of an infection control program used to prevent COVID-19.

24.     As such, Plaintiff's allegations relate to Defendants' administration or use of qualified pandemic products used to diagnose, mitigate, prevent, treat or cure COVID-19, or to limit the harm COVID-19 might otherwise cause including the use of PPE.

25.     Therefore, Plaintiff's claims fall under the PREP Act, the applicability of which presents a significant federal question relating to the ongoing national public health emergency and COVID-19 pandemic.

26.     Federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law

---

[2] The allegations cited in the Complaint are precisely the types of allegations which prompted the Department of Health & Human Services to issue Advisory Opinion 21-01.

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4835-5462-9613.1

creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 US 1, 27-28 (1983).

27.     "[A] state claim may be removed to federal court in only two circumstances—when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. In the two categories of cases where [the United States Supreme] Court has found complete pre-emption, the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 8 (2003).

28.     While a plaintiff is ordinarily entitled to choose a state or federal forum and may evade federal jurisdiction by pleading only state law claims, express or complete preemption is an exception to the well-pleaded complaint rule.

29.     Complete preemption exists when (1) the statute relied upon by defendant as preemptive contains civil enforcement provisions within the scope of which plaintiff's state law claims fall; and (2) there is a "clear indication of Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.*, 858 F2d 936, 942 (3rd Cir. 1988).

30.     Under the PREP Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006), Congress has provided immunity from claims, as well as exclusive federal jurisdiction for the allegations and relief sought in Plaintiffs' First Amended Complaint. This legislation empowers the Secretary of Health and Human Services ("HHS") to issue a declaration providing immunity for "covered persons" to suits and liability under federal and state law relating to the administration of a "Covered Countermeasure" during a health emergency.

RS Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224   |   Fax 206.583.0359

31.     Specifically, 42 U.S.C. § 247d-6d(a)(1) provides as follows: "Subject to the other provisions of this section, a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a Covered Countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure" (emphasis added).

32.     Section (b) of the PREP Act provides that if the Secretary makes a determination that a disease or other health condition or other threat to health constitutes as public health emergency, the Secretary may make a declaration setting forth that subsection (a) is in effect with respect to the manufacture, testing, development, distribution, administration or use of one or more Covered Countermeasures under conditions as the Secretary may specify in the Declaration or an amendment thereto. 42 U.S.C. § 247d-6d(b)(1) and (4).

33.     The PREP Act further provides that "[n]o court of the United States, or of any State, shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary under this subsection" (emphasis added). Thus, under the PREP Act, Congress has not only provided immunity for claims arising out of Covered Countermeasures, it has delegated regulatory authority to the HHS Secretary. 42 U.S.C. § 247d-6d(b)(7).

34.     Because Congress has expressly delegated the duty to apply and interpret the Act to the Secretary, the Declarations of the HHS Secretary are entitled to Chevron deference. Where Congress has expressly delegated interpretive authority to an agency, that agency's interpretative proclamations are controlling on the federal courts. *See Chevron USA, Inc. v. Natural Resources Defense Council, Inc*., 467 US 837, 843-844 (1984).

35.     On March 10, 2020, United States Health and Human Services Secretary Alex M. Azar issued a Declaration invoking the PREP Act for the COVID-19 pandemic. The Declaration was effective as of February 4, 2020.

36.     Secretary Azar subsequently issued an Amended Declaration under the PREP

DEFENDANTS' NOTICE OF REMOVAL - 7

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

Act, which was effective as of March 27, 2020. The Amendment added respiratory protective devices approved by NIOSH (National Institute for Occupational Safety and Health) as a covered countermeasure under the PREP Act.

37.     On June 4, 2020, Secretary Azar further amended the March 10, 2020 Declaration to clarify that covered countermeasures under the Declaration include qualified products that limit the harm COVID-19 might otherwise cause. This Amendment was effective as of February 4, 2020.

38.     On December 3, 2020, HHS Secretary Azar issued a Fourth Amendment to the Declaration under the PREP Act and made this Amendment effective as of February 4, 2020.

39.     The Secretary's Fourth Amendment to the Declaration provides that "COVID-19 is an unprecedented global challenge that requires a whole-of-nation response that utilizes federal-, state-, and local- distribution channels as well as private-distribution channels. Given the broad scale of this pandemic, the Secretary amends [Section VII of] the Declaration to extend PREP Act coverage to additional private-distribution channels…"

40.     The Fourth Amendment specifically provides that Section VII of the Declaration is amended to extend liability protection under the PREP Act to Covered Persons for Recommended Activities that are related to covered countermeasures, such as those at issue in this case.

41.     Most recently, on January 8, 2021, Robert Charrow, General Counsel for HHS, Office of the Secretary, issued Advisory Opinion 21-01, which confirmed that the PREP Act can be triggered even in cases of non-use of a covered countermeasure when the non-use is due to prioritization or purposeful allocation "particularly if done in accordance with a public health authority's directive."

42.     In the Advisory Opinion, General Counsel Charrow states that the view that the PREP Act does not encompass alleged omissions to use covered countermeasures, "clashes with the plain language of the PREP Act, which extends immunity to anything 'relating to' the

DEFENDANTS' NOTICE OF REMOVAL - 8

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4835-5462-9613.1

administration of a covered countermeasure." See Advisory Opinion, attached hereto as Exhibit B.

43.     In the opinion, General Counsel Charrow indicates that the PREP Act is triggered in cases where a plaintiff alleges a failure to use PPE, if the failure was the outcome of some form of decision-making process. The Advisory Opinion further provides that the PREP Act is a complete preemption statute.

44.     The Fourth Amendment to the Secretary's Declaration further provides that the declaration must be construed in accordance with the Department of Health and Human Services (HHS) Office of the General Counsel (OGC) Advisory Opinions of April 17, 2020, as modified on May 19, 2020, and October 22, 0220, as modified on October 23, 2020, on the PREP Act and the Declaration. The Declaration incorporates the Advisory Opinions for that Purpose.

45.     Thus, the Fourth Amendment incorporates all HHS Office of the General Counsel Advisory Opinions related to COVID-19 and the PREP Act into the Secretary's March 10, 2020 initiating Declaration.

46.     These Advisory Opinions and the Declarations of the HHS Secretary must be given *Chevron* controlling weight. Where Congress has expressly delegated interpretive authority to an agency, that agency's interpretative proclamations are controlling on the federal courts. *See Chevron USA, Inc.*, 467 US at 843-844.

47.     Moreover, section (b)(7) of the PREP Act provides that "[n]o court of the United States, or of any state, shall have subject matter jurisdiction to review whether by mandamus or otherwise, any action by the Secretary under this subsection."

48.     Thus, the Fourth Amendment declares that the interpretation of the PREP Act is a matter of significant and substantial federal concern, and that removal of any case involving the interpretation of that Act is proper in accordance with the Supreme Court's holding in *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005).

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

49.     Here, Plaintiff's claims are preempted by the PREP Act.

50.     Under the PREP Act, Congress has provided an exclusive remedy and exclusive federal jurisdiction for the substance of the allegations and relief sought in the Complaint, thereby preempting state law with respect to the claims raised in the Complaint.

51.     Defendants' administration of countermeasures, such as the use of facemasks and other PPE, and COVID-19 testing, to diagnose, treat, prevent or mitigate the spread of COVID-19, which forms the basis of this action, presents a federal question under the PREP Act giving this Court original jurisdiction preempting the state claims asserted by Plaintiff in the Complaint.

## V.    INTRADISTRICT ASSIGNMENT

52.     In accordance with LCR 101(e), the intradistrict assignment of this case to the United States District Court for the Western District of Washington is governed by LCR 3(d). Based upon the filing of the state court action in King County, the appropriate assignment upon removal is to the Seattle Division.

## VI.    CONCLUSION

For the reasons stated above, Defendants hereby remove this action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington.

DATED this 4th day of June, 2021.

By  *s/ David L. Tift*
By  *s/ Kristin Nealey Meier*
David L. Tift, WSBA #13213
Kristin Nealey Meier, WSBA #33562
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington  98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
tift@ryanlaw.com
kmeier@ryanlaw.com
*Attorneys for Defendants*

DEFENDANTS' NOTICE OF REMOVAL - 10



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4835-5462-9613.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that on this 4th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney(s) of record:

**_Attorney for Plaintiffs_**
Jeffrey D. Boyd, WSBA #41620
Deborah M. Nelson, WSBA #23087
Nelson Boyd, PLLC
601 Union Street, Ste. 2600
Seattle, WA  98101
T: 206.971.7601
F: 206.577.5035
boyd@nelsonboydlaw.com
nelson@nelsonboydlaw.com
kristi@nelsonboydlaw.com

and on this 4th day of June, 2021, I caused the above and foregoing to be served via email upon the following:

Tad Thomas, KY #88577
Brian M. Jasper, KY #94428
Thomas Law Offices, PLLC
9418 Norton Commons Blvd., Suite 200
Prospect, KY  40059
T: 502.473.6540
tad@thomaslawoffices.com
brian.jasper@thomaslawoffices.com
Keeana.Doerner@thomaslawoffices.com

/s/ Kristin Nealey Meier
Kristin Nealey Meier

DEFENDANTS' NOTICE OF REMOVAL - 11



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4835-5462-9613.1