1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUG BRIGGS, individually and as Personal
Representative of THE ESTATE OF BARBARA
DREYFUSS,

                                Plaintiff,

        v.

LIFE CARE CENTERS OF AMERICA, INC., a
foreign corporation; LAKE VUE OPERATIONS,
LLC, a foreign limited liability company; TODD
FLETCHER, individually; and ELLIE BASHAM,
individually,

                                Defendants.

**NO. 2:21-cv-00740-MJP**

**STIPULATED PROTECTIVE
ORDER**

DARCY KOVACS, individually and as Personal
Representative of THE ESTATE OF ROBIN
HAMRICK,

                                Plaintiff,

        v.

LIFE CARE CENTERS OF AMERICA, INC., a
foreign corporation; LAKE VUE OPERATIONS,
LLC, a foreign limited liability company; TODD
FLETCHER, individually; and ELLIE BASHAM,
individually,

                                Defendants.

NO. 2:21-cv-00741-MJP

/ / /

STIPULATED PROTECTIVE ORDER - 1
Case No. 2:21-cv-00740-MJP



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4

1.    PURPOSES AND LIMITATIONS

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

      "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) defendants' facility policy and procedure manuals; (2) defendants' personnel files and documents that contain either employees or former employees' personal information; (3) documents that contain proprietary information and/or confidential financial information. Confidentiality as to such documents and materials shall be maintained both during and after case disposition. The listing of confidential categories above does not mean the parties agree all documents in these categories are confidential. The parties retain the right to object to and challenge confidential designations, regardless of whether designated documents and things are in these categories.

3.    SCOPE

      The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

      However, the protections conferred by this agreement do not cover information that is

STIPULATED PROTECTIVE ORDER - 2
Case No. 2:21-cv-00740-MJP

RS    Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4

1  in the public domain or becomes part of the public domain through trial or otherwise.

2  4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

3      4.1    Basic Principles. A receiving party may use confidential material that is

4  disclosed or produced by another party or by a non-party in connection with this case only for

5  prosecuting, defending, or attempting to settle this litigation. Confidential material may be

6  disclosed only to the categories of persons and under the conditions described in this agreement.

7  Confidential material must be stored and maintained by a receiving party at a location and in a

8  secure manner that ensures that access is limited to the persons authorized under this agreement.

9      4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

10  ordered by the court or permitted in writing by the designating party, a receiving party may

11  disclose any confidential material only to:

12          (a)    the receiving party's counsel of record in this action, as well as

13  employees of counsel to whom it is reasonably necessary to disclose the information for this

14  litigation;

15          (b)    the officers, directors, and employees (including in house counsel) of the

16  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

17  agree that a particular document or material produced is for Attorney's Eyes Only and is so

18  designated;

19          (c)    experts and consultants to whom disclosure is reasonably necessary for

20  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

21  (Exhibit A);

22          (d)    the court, court personnel, and court reporters and their staff;

23          (e)    copy or imaging services retained by counsel to assist in the duplication

24  of confidential material, provided that counsel for the party retaining the copy or imaging

25  service instructs the service not to disclose any confidential material to third parties and to

26  immediately return all originals and copies of any confidential material;

STIPULATED PROTECTIVE ORDER - 3
Case No. 2:21-cv-00740-MJP

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4

1      (f)     during their depositions, witnesses in the action to whom disclosure is

2  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

3  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

4  transcribed deposition testimony or exhibits to depositions that reveal confidential material

5  must be separately bound by the court reporter and may not be disclosed to anyone except as

6  permitted under this agreement;

7      (g)     the author or recipient of a document containing the information or a

8  custodian or other person who otherwise possessed or knew the information.

9      4.3     Filing Confidential Material. Before filing confidential material or discussing or

10 referencing such material in court filings, the filing party shall confer with the designating party

11 to determine whether the designating party will remove the confidential designation, whether

12 the document can be redacted, or whether a motion to seal or stipulation and proposed order is

13 warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

14 standards that will be applied when a party seeks permission from the court to file material

15 under seal.

16 5.     DESIGNATING PROTECTED MATERIAL

17     5.1     Exercise of Restraint and Care in Designating Material for Protection. Each

18 party or non-party that designates information or items for protection under this agreement must

19 take care to limit any such designation to specific material that qualifies under the appropriate

20 standards. The designating party must designate for protection only those parts of material,

21 documents, items, or oral or written communications that qualify, so that other portions of the

22 material, documents, items, or communications for which protection is not warranted are not

23 swept unjustifiably within the ambit of this agreement.

24     Mass, indiscriminate, or routinized designations are prohibited. Designations that are

25 shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

26 unnecessarily encumber or delay the case development process or to impose unnecessary

STIPULATED PROTECTIVE ORDER - 4
Case No. 2:21-cv-00740-MJP

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4

1    expenses and burdens on other parties) expose the designating party to sanctions.

2         If it comes to a designating party's attention that information or items that it designated

3    for protection do not qualify for protection, the designating party must promptly notify all other

4    parties that it is withdrawing the mistaken designation.

5         5.2    Manner and Timing of Designations. Except as otherwise provided in this

6    agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

7    ordered, disclosure or discovery material that qualifies for protection under this agreement must

8    be clearly so designated before or when the material is disclosed or produced.

9              (a)    Information in documentary form: (*e.g.*, paper or electronic documents

10   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

11   proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

12   contains confidential material. If only a portion or portions of the material on a page qualifies

13   for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

14   making appropriate markings in the margins).

15             (b)    Testimony given in deposition or in other pretrial proceedings: the

16   parties and any participating non-parties must identify on the record, during the deposition or

17   other pretrial proceeding, all protected testimony, without prejudice to their right to so designate

18   other testimony after reviewing the transcript. Any party or non-party may, within fifteen days

19   after receiving the transcript of the deposition or other pretrial proceeding, designate portions

20   of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect

21   confidential information at trial, the issue should be addressed during the pre-trial conference.

22             (c)    Other tangible items: the producing party must affix in a prominent place

23   on the exterior of the container or containers in which the information or item is stored the word

24   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

25   the producing party, to the extent practicable, shall identify the protected portion(s).

26        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4

1  designate qualified information or items does not, standing alone, waive the designating party's

2  right to secure protection under this agreement for such material. Upon timely correction of a

3  designation, the receiving party must make reasonable efforts to ensure that the material is

4  treated in accordance with the provisions of this agreement.

5  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6       6.1     Timing of Challenges. Any party or non-party may challenge a designation of

7  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

8  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

9  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

10  challenge a confidentiality designation by electing not to mount a challenge promptly after the

11  original designation is disclosed. The parties shall not, however, challenge a confidentiality

12  provision after the case has resolved.

13       6.2     Meet and Confer. The parties must make every attempt to resolve any dispute

14  regarding confidential designations without court involvement. Any motion regarding

15  confidential designations or for a protective order must include a certification, in the motion or

16  in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

17  conference with other affected parties in an effort to resolve the dispute without court action.

18  The certification must list the date, manner, and participants to the conference. A good faith

19  effort to confer requires a face-to-face meeting or a telephone conference.

20       6.3     Judicial Intervention. If the parties cannot resolve a challenge without court

21  intervention, the designating party may file and serve a motion to retain confidentiality under

22  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

23  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

24  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

25  other parties) may expose the challenging party to sanctions. All parties shall continue to

26  maintain the material in question as confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER - 6
Case No. 2:21-cv-00740-MJP

RS   Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery

STIPULATED PROTECTIVE ORDER - 7
Case No. 2:21-cv-00740-MJP

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4

1  order or agreement that provides for production without prior privilege review. The parties

2  agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

3  10.     NON TERMINATION AND RETURN OF DOCUMENTS

4       Within 60 days after the termination of this action, including all appeals, each receiving

5  party must return all confidential material to the producing party, including all copies, extracts

6  and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

7  destruction.

8       The parties recognize that electronically produced information (ESI) results in copies

9  made due to back up and archive protocols and no party can guaranty that every copy has been

10 found and deleted. Therefore, the parties commit to use best reasonable efforts to delete

11 confidential information instead of returning it. The parties will use best reasonable efforts to

12 delete confidential information from Concordance or Summation or similar document

13 review/management programs and will use best reasonable efforts to destroy any hard copies

14 made of confidential information, as well as confidential ESI stored in other locations.

15      The confidentiality obligations imposed by this agreement shall remain in effect until a

16 designating party agrees otherwise in writing or a court orders otherwise.

17                    *[ SIGNATURES ON FOLLOWING PAGE ]*

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 8
Case No. 2:21-cv-00740-MJP



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED:  11/17/2021                          By  *s/ Jeffrey D. Boyd*
                                                 By  *s/ Deborah M. Nelson*
4                                                    Jeffrey D. Boyd, WSBA #41620
                                                     Deborah M. Nelson, WSBA #23087
5                                                    Nelson Boyd, PLLC
                                                     601 Union Street, Ste. 2600
6                                                    Seattle, WA  98101
                                                     T: 206.971.7601; F: 206.577.5035
7                                                    boyd@nelsonboydlaw.com
                                                     nelson@nelsonboydlaw.com
8                                                    *Attorneys for Plaintiff*

9                                                By  *s/ Tad Thomas*
                                                 By  *s/ Brian M. Jasper*
10                                                   Tad Thomas, KY #88577 *(pro hac vice)*
                                                     Brian M. Jasper, KY #94428 *(pro hac vice)*
11                                                   Thomas Law Offices, PLLC
                                                     9418 Norton Commons Blvd., Suite 200
12                                                   Prospect, KY  40059
                                                     T: 502.473.6540
13                                                   tad@thomaslawoffices.com
                                                     brian.jasper@thomaslawoffices.com
14                                                   *Attorneys for Plaintiff*

15

16   DATED: 11/17/2021                           By  *s/ David L. Tift*
                                                 By  *s/ Kristin Nealey Meier*
17                                               By  *s/ Brian D. Ernst*
                                                     David L. Tift, WSBA #13213
18                                                   Kristin Nealey Meier, WSBA #33562
                                                     Brian D. Ernst, WSBA #57038
19                                                   RYAN, SWANSON & CLEVELAND, PLLC
                                                     1201 Third Avenue, Suite 3400
20                                                   Seattle, Washington  98101-3034
                                                     Tel: (206) 464-4224; Fax: (206) 583-0359
21                                                   tift@ryanlaw.com
                                                     kmeier@ryanlaw.com
22                                                   ernst@ryanlaw.com
                                                     *Attorneys for Defendants*
23

24

25

26

STIPULATED PROTECTIVE ORDER - 9
Case No. 2:21-cv-00740-MJP


Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4

1      PURSUANT TO STIPULATION, IT IS SO ORDERED

2      IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

3 any documents in this proceeding shall not, for the purposes of this proceeding or any other

4 proceeding in any other court, constitute a waiver by the producing party of any privilege

5 applicable to those documents, including the attorney-client privilege, attorney work-product

6 protection, or any other privilege or protection recognized by law.

7 DATED: November 19, 2021

8

9

10          Marsha J. Pechman
           United States Senior District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 10
Case No. 2:21-cv-00740-MJP

RS  Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Western District of Washington on [date]

in the case of ***Douglas Briggs, individually and as personal Representative of The Estate of***

***Barbara Dreyfuss v. Life Care Centers of America, Inc., Lake Vue Operations, LLC, Todd***

***Fletcher and Ellie Basham*, Case No. 2:21-cv-00740-MJP, consolidated with,** *Darcy Kovacs,*

*individually and as Personal Representative of The Estate of Robin Hamrick v. Life Care*

*Centers of America, Inc., Lake View Operations, LLC, Todd Fletcher, and Ellie Basham*,

**Case No. 2:21-cv-00741-MJP**. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 11
Case No. 2:21-cv-00740-MJP



Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224  |  Fax 206.583.0359

4892-0574-3363.4